UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INGERSOLL MACHINE TOOLS, INC., | ) |
| *Plaintiff,* | ) ) ) |
| vs. | ) 1:23-cv-00727-JMS-MKK ) ) |
| RUSACH INTERNATIONAL, INC., | ) ) |
| *Defendant.* | ) ) |

**ORDER**

Plaintiff has filed a Complaint in which it alleges that this Court has diversity jurisdiction over this matter. Fed. R. Civ. P. 7.1(a)(2) provides:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. §1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed in or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under §1332(a).

Defendant Rusach International, Inc. has filed a Rule 7.1 Disclosure Statement, but it does not properly provide its citizenship. Specifically, it states that "Rusach International is an assumed name for J & L Hatfield, LLC, an Indiana limited liability company with its principal place of business in Hope, Indiana." [Filing No. 13.] Because the Complaint names "Rusach International, Inc." as the Defendant, the Court **ORDERS** the parties to confer regarding whether "Rusach International, Inc." or "J & L Hatfield, LLC" is the proper Defendant in this case. If J & L Hatfield, LLC is the proper Defendant, the parties must file the appropriate motion to substitute that entity for Rusach International, Inc. by **June 14, 2023**.

If J & L Hatfield, LLC is not the proper Defendant, Rusach International, Inc. must file an Amended Rule 7.1 Statement by **June 14, 2023** properly providing its citizenship. If J & L Hatfield, LLC is the proper Defendant, it must file a Rule 7.1 Statement by **June 14, 2023** properly providing its citizenship. In doing so, it must keep in mind that the citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all members are citizens of a certain state, or that no members are citizens of a certain state, is insufficient. *See Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (alleging that all partners of limited partnership were citizens of Massachusetts was insufficient to establish diversity jurisdiction); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("blanket declaration" that partners of limited liability company were citizens of state different than state of opposing party's citizenship was insufficient to establish diversity jurisdiction). Rather, J & L Hatfield, LLC must provide the name and citizenship of each member, traced down to the lowest layer, in order for the Court to determine whether diversity jurisdiction exists. *See Guaranty Nat'l Title Co., Inc.* 101 F.3d at 59 (in order to determine citizenship of a limited partnership, court "need[ed] to know the name and citizenship(s) of its general and limited partners").

Date: 5/30/2023

*signature*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**